IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JHON F. CORREA,

        Petitioner,

v.                                                                                CIV 02-1578 JP/KBM

IMMIGRATION AND
NATURALIZATION SERVICE,

        Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      Petitioner, a citizen of Columbian with resident alien status in the United States, pleaded guilty to a one-count superceding information that charged him with the use of interstate facilities to aid a racketeering enterprise in violation of the "Travel Act," 18 U.S.C. § § 1952. He signed a "factual resume" detailing his crime, which consisted of ingesting approximately ninety "pellets" of heroin and taking a flight from Texas to New York to deliver the drugs in exchange for payment. The plea waived his appeal rights, specifically any motions under 28 U.S.C. § 2241 or 28 U.S.C. § 2255. *See Doc. 9,* Exhs. 1-2.

      On June 11, 2001, a district judge in the Northern District of Texas sentenced Correa to sixty months imprisonment. *Id.,* Exh. 3. After service of his sentence, by order dated August 12, 2002, an immigration judge found Petitioner should be deported to Columbia. The order notes that Petitioner reserved his right to appeal that decision, and he had until September 11, 2002 to do so. *Id.,* Exh. 4.

      Correa asserts that he was unable to timely perfect his appeal to the Bureau of

Immigration Appeals ("BIA") because he was transferred from a prison in Texas to one in New Mexico on September 5, 2002. *Doc. 1 (Motion),* at 2; *see also id.,* Exh.[1]  The BIA rejected his request to file out of time. *Id.,* Exh.  Despite having waived habeas relief in his plea,[2] Petitioner filed his § 2241 petition with this court on December 16, 2002, where he contends that a violation of § 1592 is not a deportable offense because it prohibits using interstate facilities for racketeering as opposed to prohibiting possession of a controlled substance. *Id. (Motion),* at 3-17.

Correa remains incarcerated in New Mexico.  Because he filed this action while imprisoned in New Mexico, this court has jurisdiction to entertain the § 2241 petition.[3]  I have not found a single decision addressing whether a violation of the Travel Act constitutes a deportable offense under the Immigration and Nationality Act.  Nevertheless, I am persuaded that the position taken by Respondent is correct, and incorporate the reasons stated in its motion to dismiss and exhibits in support.  *Docs. 8, 9.*  To that reasoning, I add a few observations.

The Travel Act prohibits travel in interstate commerce with the intent to carry out any

---

[1] Correa's petition consists of two separately-numbered documents (this court's form § 2241 application and a typed "motion under § 2241"), and one exhibit (his request for an extension to appeal out of time to the BIA).

[2] Respondent elected not to argue this point in its motion to dismiss. *Doc. 8* at n.1.  It also declined to argue a lack of exhaustion, choosing instead to deal with the petition on its merits. *Id.* at n.3.

[3] Section 2241 petitions must be brought in the district where the prisoner is confined. *E.g., Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996).  The posture of an unpublished Tenth Circuit opinion stands for the proposition that the place of confinement as of the time of filing controls. *See Claypool v. McKinna,* 3 Fed. Appx. 750, n.1 (10th Cir. 2001) (notes prisoner was transferred to a prison in Washington state after the § 2241 petition was filed and decides case on merits).  In INS removal cases, where the prisoners are frequently shipped from place to place pending deportation, some courts have recently questioned who is the "custodian" for habeas purposes.  The trend appears to hold that the Attorney General has custody and, consequently, any district in the United States in which the petition is filed has jurisdiction.  *See Chavez-Rivas v. Olsen,* 194 F. Supp. 2d. 368 (D.N.J 2002) (collecting cases); *Farah v. Immigration and Naturalization Serv.,* 2002 WL 31828309 (D. Minn. 12/11/02).  The Tenth Circuit has not yet addressed the issue.

"unlawful" activity, such as business enterprises involving controlled substances. *See* 18 U.S.C. § 1952(a)(3); *id.,* § 1952(b)(1).[4] Aliens who are "convicted of an aggravated felony," 8 U.S.C. § 1227(a)(2)(A)(iii), defined as including "illicit trafficking in a controlled substance," *id.,* § 1101(a)(43)(B), are deportable. Likewise, aliens who are convicted of "any law or regulation of a state, the United States, or a foreign country relating to a controlled substance" are deportable. *Id.,* § 1227(a)(2)(B)(i).

In determining that a prior Travel Act conviction based on narcotics trafficking was a prior "felony drug offense" within meaning of 21 U.S.C. § 841(b)(1)(A) and therefore mandated life imprisonment, the Second Circuit noted:

> By its own terms, then, the Travel Act was . . . as it applied to DiGirolamo, a statute 'that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances.' . . . To be sure, the Travel Act encompassed, and continues to encompass, more than drug-related conduct. ***But '[t]he mere fact that the Travel Act outlaws other forms of criminal interstate travel does not mean it is not also, in appropriate cases, a law relating to controlled substances.'*** . . . Since DiGirolamo specifically pleaded guilty to interstate travel in furtherance of trafficking in a narcotic substance, there can be no question that this

---

[4] See also, for example the unpublished decision in *United States v. Barrio,* where the Tenth Circuit held:

> Count 3 of the superseding indictment the government alleged that Roberto Barrio and Stanton caused one Gandy to travel in interstate commerce from Oklahoma City, Oklahoma to the Ontario, California area and back to the Oklahoma City, Oklahoma area with an intent to promote an unlawful activity, a business activity involving narcotics or controlled substances, 'and thereafter performed and attempted to perform acts to promote, manage, establish, carry on and facilitate the promotion, establishment and carrying on of said unlawful activity, to wit: to transport approximately two kilograms of cocaine powder to Oklahoma City, Oklahoma for redistribution' (emphasis added). (Similar allegations are made in Counts 6,7, and 9.) Such, in our view, is sufficient to charge a violation of 18 U.S.C. § 1952.

41 Fed.Appx. 169, 176-77 (10th Cir.), *cert. denied,* ___ U.S. ___, 123 S.Ct. 49 (2002).

> is such an 'appropriate' case. Thus, DiGirolamo's conviction under the Travel Act was a conviction for a felony drug offense.

*United States v. Salerno,* 66 F.3d 544, 550 (2nd Cir. 1995) (emphasis added; citations omitted), *cert. denied,* 516 U.S. 1063 (1996).

Based on the same logic as the Second Circuit, I find that the plain language of the Travel Act and Immigration and Nationality Act support the conclusion that the specific offense conduct to which Correa pleaded guilty subjects him to deportation. Moreover, Petitioner in fact pleaded guilty to possessing ninety "pellets" of heroin with an intent to distribute it. Simply because he was charged under the broader language of the Travel Act should not result in a different deportation decision than if he had pleaded guilty to the original information.[5]

Wherefore,

**IT IS HEREBY RECOMMENDED** that the § 2241 petition be denied with prejudice.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] *See Doc. 1 (Motion),* at 2 ("Petitioner along with codefendant . . . was named in a one count Information filed January 31, 2001, in the Northern District of Texas [charging them] with Possession with the Intent to Distribute a Substance Containing a Detectable Amount of Heroin, in violation of 21 U.S.C. § 841(a)(1) as defined in (b)(1)(c).").

4